3:00 p.M. O'CLOCK FILED
AUG 1 2 2013
JANELL TAYLOR, CLERK
CIRCUIT AND COUNTY CLERK
PRAIRIE CO., SO. DISTRICT

**IN THE CIRCUIT COURT OF PRAIRIE COUNTY, ARKANSAS**
**CIVIL DIVISION**

**SHEILA STRONG AND**                                           **PLAINTIFFS**
**LAUREN GROCHOCKI**

v.                                CV-2013-023

**3 SISTERS, INC. AND**                                         **DEFENDANTS**
**MELVIN BEAUCHAMP, SR.**

---

## COMPLAINT

---

COME now the Plaintiffs, Sheila Strong and Lauren Grochocki, and for their cause of action against the Defendants, 3 Sisters, Inc. and Melvin Beauchamp, Sr., state as follows:

### THE PARTIES

1.  Shelia Strong was a citizen and resident of Mecosta County, Michigan at the time of the motor vehicle collision hereinafter described.

2.  Lauren Grochocki was a citizen and resident of Rockwall County, Texas at the time of the motor vehicle collision hereinafter described.

3.  Melvin Beauchamp, Sr. was a citizen and resident of Brevard County, Florida at the time of the motor vehicle collision hereinafter described.

4.  3 Sisters, Inc. was a company licensed and doing business in Illinois at the time of this motor vehicle collision hereafter described.

### JURISDICTION AND VENUE

5.  This is an action arising from a motor vehicle collision that occurred in Prairie County, Arkansas, when Melvin Beauchamp, Sr. was negligent in causing the collision that is the subject of this action.

6. This Court has jurisdiction over the parties hereto, jurisdiction of the subject matter hereof, and venue is proper.

## THE CAUSE OF ACTION

7. On August 10, 2010, a motor vehicle collision occurred when Melvin Beauchamp, Sr. negligently failed to stop for traffic and collided with the rear of Sheila Strong and Lauren Grochocki's vehicle.

8. The significant impact from the collision hurt Sheila Strong and Lauren Grochocki and caused the injuries and damages to Sheila Strong and Lauren Grochocki that are described below.

9. At all times Sheila Strong and Lauren Grochocki's vehicle was operated in a safe and prudent manner.

## DUTIES OWED BY MELVIN BEAUCHAMP, SR.

10. Melvin Beauchamp, Sr. was required to follow the traffic safety rule of keeping a proper lookout for the safety of Sheila Strong and Lauren Grochocki and others, both before and at the time of the collision.[1]

11. Melvin Beauchamp, Sr. was required to follow the traffic safety rule of driving at a reasonable speed for the safety of Sheila Strong and Lauren Grochocki and others, both before and at the time of the collision.[2]

12. Melvin Beauchamp, Sr. was required to follow the traffic safety rule of keeping his vehicle under proper control for the safety of Sheila Strong and Lauren Grochocki and others, both before and at the time of the collision.[3]

---

[1] AMI Civ. 3d 901 (2013).
[2] AMI Civ. 3d 901 (2013); Ark. Code Ann. § 27-51-201.

2

13. Melvin Beauchamp, Sr. was required to follow the traffic safety rule to drive his vehicle in such a manner as to not drive recklessly and not indicate a wanton disregard for the safety of Sheila Strong and Lauren Grochocki and others, both before and at the time of the collision.[4]

14. Melvin Beauchamp, Sr. was required to follow the traffic safety rule of driving his vehicle in a manner to not cause a skidding, spinning, or sliding of the vehicle or its tires for the safety of Sheila Strong and Lauren Grochocki and others, both before and at the time of the collision.[5]

15. Melvin Beauchamp, Sr. was required to follow the traffic safety rule of recognizing Sheila Strong and Lauren Grochocki's superior right to use the roadway for the safety of Sheila Strong and Lauren Grochocki and others, both before and at the time of the collision.[6]

16. Melvin Beauchamp, Sr. was required to follow the traffic safety rule of following Sheila Strong and Lauren Grochocki at a reasonable distance with due regard for the speed of other vehicles for the safety of Sheila Strong and Lauren Grochocki and others, both before and at the time of the collision.[7]

17. Melvin Beauchamp, Sr. was required to follow the traffic safety rule of following Sheila Strong and Lauren Grochocki at a reasonable distance with due regard for the traffic

---

[3] AMI Civ. 3d 901 (2013).
[4] Ark. Code Ann. § 27-50-308.
[5] Ark. Code Ann. § 27-51-104.
[6] AMI Civ. 3d 902 (2013); Ark. Code Ann. § 27-49-211.
[7] Ark. Code Ann. § 27-51-305.

3

conditions upon the highway for the safety of Sheila Strong and Lauren Grochocki and others, both before and at the time of the collision.[8]

18. Melvin Beauchamp, Sr. was required to follow the traffic safety rule of driving his vehicle at a reduced speed when special hazard exist with respect to other traffic or by reason of weather or highway conditions for the safety of Sheila Strong and Lauren Grochocki and others, both before and at the time of the collision.[9]

19. Melvin Beauchamp, Sr. was required to follow the traffic safety rule of using ordinary care for the safety of Sheila Strong and Lauren Grochocki and others, both before and at the time of the collision.[10]

20. Melvin Beauchamp, Sr. was not allowed to needlessly endanger Sheila Strong and Lauren Grochocki or anyone else by violating one or more the traffic safety rules listed above.

### DUTIES VIOLATED BY MELVIN BEAUCHAMP, SR.

21. At the time of the collision, Melvin Beauchamp, Sr. violated the duty to follow the traffic safety rule of keeping a proper lookout, which needlessly endangered safety of Sheila Strong and Lauren Grochocki and others.[11]

22. At the time of the collision, Melvin Beauchamp, Sr. violated the duty to follow the traffic safety rule of driving at a reasonable speed, which needlessly endangered safety of Sheila Strong and Lauren Grochocki and others.[12]

---

[8] Ark. Code Ann. § 27-51-305.
[9] Ark. Code Ann. § 27-51-201(d).
[10] AMI Civ. 3d 305 (2013).
[11] AMI Civ. 3d 901 (2013).
[12] AMI Civ. 3d 901 (2013); Ark. Code Ann. § 27-51-201.

4

23. At the time of the collision, Melvin Beauchamp, Sr. violated the duty to follow the traffic safety rule of keeping his vehicle under proper control, which needlessly endangered the safety of Sheila Strong and Lauren Grochocki and others.[13]

24. At the time of the collision, Melvin Beauchamp, Sr. violated the duty to follow the traffic safety rule to drive his vehicle in such a manner as to not drive recklessly and not indicate a wanton disregard, which needlessly endangered the safety of Sheila Strong and Lauren Grochocki and others.[14]

25. At the time of the collision, Melvin Beauchamp, Sr. violated the duty to not cause a skidding, spinning, or sliding of the vehicle or its tires which needlessly endangered the safety of Sheila Strong and Lauren Grochocki and others.[15]

26. At the time of the collision, Melvin Beauchamp, Sr. violated the duty to follow the traffic safety rule of recognizing Sheila Strong and Lauren Grochocki's superior right to use the roadway, which needlessly endangered the safety of Sheila Strong and Lauren Grochocki and others.[16]

27. At the time of the collision, Melvin Beauchamp, Sr. violated the duty to follow the traffic safety rule of following Sheila Strong and Lauren Grochocki at a reasonable distance with due regard for the speed of other vehicles, which needlessly endangered the safety of Sheila Strong and Lauren Grochocki and others.[17]

---

[13] AMI Civ. 3d 901 (2013).
[14] Ark. Code Ann. § 27-50-308.
[15] Ark. Code Ann. § 27-51-104.
[16] AMI Civ. 3d 902 (2013).
[17] Ark. Code Ann. § 27-51-305.

28. At the time of the collision, Melvin Beauchamp, Sr. violated the duty to follow the traffic safety rule of following Sheila Strong and Lauren Grochocki at a reasonable distance with due regard for the traffic conditions upon the highway, which needlessly endangered the safety of Sheila Strong and Lauren Grochocki and others.[18]

29. Melvin Beauchamp, Sr. violated the duty to follow the traffic safety rule of driving his vehicle at a reduced speed when special hazard exist with respect to other traffic or by reason of weather or highway conditions which needlessly endangered the safety of Sheila Strong and Lauren Grochocki and others.[19]

30. At the time of the collision, Melvin Beauchamp, Sr. violated the duty to follow the traffic safety rule of using ordinary care, which needlessly endangered the safety of Sheila Strong and Lauren Grochocki and others.[20]

31. At the time of the collision, Melvin Beauchamp, Sr. needlessly endangered Sheila Strong and Lauren Grochocki and others by failing to follow one or more of the traffic safety rules listed above.

## IMPUTED VICARIOUS LIABILITY

32. At all times material hereto, it is believed that the separate defendant, 3 Sisters, Inc., was the employer of or directed the control of Defendant Beauchamp, and is liable for the negligent acts of Defendant Beauchamp under the doctrine of respondeat superior, the law of agency, contract, DOT regulations, and other imputed vicarious liability principles.

---

[18] Ark. Code Ann. § 27-51-305.
[19] Ark. Code Ann. § 27-51-201(d).
[20] AMI Civ. 3d 305 (2013).

## CAUSATION OF PLAINTIFFS' INJURIES AND DAMAGES

33.  The injuries and damages sustained by Sheila Strong and Lauren Grochocki, more particularly described below, were produced in a natural and continuous sequence from Melvin Beauchamp, Sr.'s violation of one or more of the above described independent duties of ordinary care for the safety of Sheila Strong and Lauren Grochocki.[21]

34.  The injuries and damages sustained by Sheila Strong and Lauren Grochocki were a probable consequence from Melvin Beauchamp, Sr.'s violation of one or more of the above described independent duties of ordinary care for the safety of Sheila Strong and Lauren Grochocki.[22]

35.  Melvin Beauchamp, Sr. should have foreseen and anticipated that a violation of one or more of the above described independent duties to use ordinary care would constitute an appreciable risk of harm to others, including Sheila Strong and Lauren Grochocki.[23]

36.  If Melvin Beauchamp, Sr. had not violated one or more of the above described independent duties to use ordinary care for the safety of Sheila Strong and Lauren Grochocki, then Sheila Strong and Lauren Grochocki's injuries and damages would not have occurred.[24]

## COMPENSATORY DAMAGES SUSTAINED BY PLAINTIFFS

37.  The injuries and damages sustained by Sheila Strong and Lauren Grochocki as a result of Melvin Beauchamp, Sr.'s violations of one or more of the above traffic safety rules, include but are not limited to the following:

---

[21] AMI Civ. 3d 501 (2013).

[22] *Ouachita Wilderness Inst. v. Mergen*, 329 Ark. 405, 415, 947 S.W.2d 780, 785 (1997).

[23] *State Farm Mut. Auto. Ins. Co. v. Pharr*, 305 Ark. 459, 464, 808 S.W.2d 769, 771-72 (1991) (following *Machine, Inc. v. Wallace*, 268 Ark. 192, 600 S.W.2d 1 (1980)).

[24] AMI Civ. 3d 501 (2013).

A. Serious and permanent bodily injuries to Sheila Strong and Lauren Grochocki's neck, back, and other parts of their body, which is a life-changing event causing Sheila Strong and Lauren Grochocki to lose the ability to enjoy a normal quality of life;[25]

B. Medical expenses incurred in the past and reasonably expected to be incurred in the future, and transportation expenses to obtain such medical treatment;[26]

C. Physical pain and suffering experienced in the past and reasonably expected to be experienced in the future;[27]

D. Loss of income in the past and reasonably expected to be experienced in the future;[28]

E. Loss of earning capacity due to permanent physical impairment from the injuries caused by the collision;[29]

F. Mental anguish experienced in the past and reasonably expected to be experienced in the future, which includes but is not limited to Sheila Strong and Lauren Grochocki's loss of quality of life due to permanent injuries causing chronic pain that limits their activities; and the fact that when Melvin Beauchamp, Sr. violated the safety rules that protect us all, and caused Sheila Strong and Lauren Grochocki to sustain needless permanent injuries, it shattered Sheila Strong and Lauren Grochocki's trust that everyone will follow the safety rules, and causes them to fear it will happen again due to this trust being broken;[30] and

G. The reasonable expense of any necessary help in Sheila Strong and Lauren Grochocki's home in the past, and

---

[25] AMI Civ. 3d 2202 (2013); *Gross & Janes Co. v. Brooks*, 2012 Ark. App. 702.

[26] AMI Civ. 3d 2204 (2013); *Graftenreed v. Seabaugh*, 100 Ark. App. 364, 268 S.W.3d 905 (2007).

[27] AMI Civ. 3d 2205 (2013); *Bill Davis Trucking, Inc. v. Prysock*, 301 Ark. 387, 784 S.W.2d 755 (1990).

[28] AMI Civ. 3d 2206 (2013); *Swenson v. Hampton*, 244 Ark. 104, 424 S.W.2d 165 (1968); *Cates v. Brown*, 278 Ark. 242, 645 S.W.2d 658 (1983).

[29] AMI Civ. 3d 2207 (2013); *Gross & Janes Co. v. Brooks*, 2012 Ark. App. 702.

[30] AMI Civ. 3d 2205 (2013); *Handy Dan Home Improv. Center, Inc. v. Peters*, 286 Ark. 102, 689 S.W.2d 551 (1985).

reasonably certain to be required in the future, as a result of Sheila Strong and Lauren Grochocki's injuries.[31]

## AMOUNT OF DAMAGES

38. Sheila Strong and Lauren Grochocki's injuries and damages are in excess of the minimum amount required for federal court jurisdiction in diversity of citizenship cases, for which Sheila Strong and Lauren Grochocki should be awarded a judgment as against the Defendants, jointly and severally, in an amount to fully and fairly compensate them for each and every element of damages that has been suffered.

## DEMAND FOR JURY TRIAL

39. Sheila Strong and Lauren Grochocki demand a jury trial for all issues of fact presented by this action.

## RESERVATION OF ADDITIONAL CLAIMS

40. Sheila Strong and Lauren Grochocki reserve the right to plead further upon completion of discovery to state additional claims and to name additional parties to this action.

WHEREFORE, Sheila Strong and Lauren Grochocki pray that *Summons* be issued for 3 Sisters, Inc. and Melvin Beauchamp, Sr., and that following a jury trial of this action, that Sheila Strong and Lauren Grochocki be awarded a judgment against 3 Sisters, Inc. and Melvin Beauchamp, Sr., jointly and severally, in such an amount that will fully and fairly compensate Sheila Strong and Lauren Grochocki for all of the above described damages, and in an amount in excess of that required for federal court jurisdiction in diversity of citizenship cases; that Sheila Strong and Lauren Grochocki recover all costs expended herein; and that Sheila Strong and

---

[31] AMI Civ. 3d 2209 (2013); *Gross & Janes Co. v. Brooks*, 2012 Ark. App. 702.

Lauren Grochocki have and receive all other proper relief to which they may be entitled in the premises.

                              Respectfully Submitted,

                              */s/ Don Chaney, HMC*
                              Don P. Chaney, AR BIN 78027
                              Nathan Price Chaney, AR BIN 2004109
                              S. Taylor Chaney, AR BIN 2010011
                              Chaney Law Firm, P.A.
                              P.O. Box 1405
                              Arkadelphia, AR 71923
                              Email: don@chaneylaw.com
                              Telephone: 870-246-0600
                              Telefax: 866-734-0971
                              www.chaneylaw.com

                              Attorneys for Plaintiffs